IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH HUGH JENSEN,

    Petitioner,                  No. CIV S-09-0512 DAD P

  vs.

ROBERT J. HERNANDEZ,

    Respondents.             ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a judgment of conviction entered against him on December 17, 2003, in the Sacramento County Superior Court on charges of spousal rape with force, false imprisonment, misdemeanor spousal battery, and making terrorist threats. Petitioner raises nineteen separate claims for federal habeas relief.

        The state court record reflects that on February 25, 2003, prior to petitioner's preliminary hearing, the trial court granted petitioner's request to represent himself. (Resp't's Lod. Doc. 1 (hereinafter CT) at 103.) On that same date, petitioner signed a document which advised him of the risks of proceeding without counsel, the so-called Faretta warnings.[1] (Id. at

---

[1] See Faretta v. California, 422 U.S. 806, 821 (1975).

104.) Inter alia, petitioner was advised that the maximum penalties for the offenses with which he was charged totaled eleven years in state prison and a $10,000 fine. (Id.) In open court, the trial judge verbally informed petitioner that his "maximum possible penalty" was "about ten years, eleven years, in prison; $10,000 fine." (Pet'r's Lod. Doc. 14, at 2.)

After the Faretta hearing, the prosecutor filed a motion to amend the information, seeking to add four prior conviction allegations against petitioner. (CT at 221.) That motion was granted after a hearing on May 16, 2003. (Id. at 9.) The court minutes reflect that petitioner waived formal arraignment on the amended information. (Id.) The reporter's transcript of this hearing has not been provided to this court by either petitioner or respondent.

On the first day of trial, the parties discussed a possible settlement of petitioner's case in the presence of the trial judge. At that time petitioner was advised that the maximum potential sentence he faced on the charges against him, including the prior conviction allegations, was approximately thirteen years, four months in state prison. (Reporter's Transcript on Appeal, (RT) at 7-8, 9.) Petitioner acknowledged this assessment of his maximum possible sentence. (Id.) However, petitioner ultimately was sentenced to fifteen years in state prison. (CT at 1850-51.)[2]

One of petitioner's claims before this court is that the trial court violated his federal constitutional rights when it failed to obtain a renewed waiver of counsel at the time the information was amended to include the prior conviction enhancement allegations against him. (Pet. at 25.) Petitioner argues, in essence, that consistent with the advisement he was given in the written Faretta waiver form he signed, he should have received a sentence of not more than eleven years. Instead, petitioner claims, he was improperly sentenced to fifteen years in state prison as a result of the additional enhancement allegations. Petitioner also claims that he was "forced" to represent himself on the additional enhancement allegations that were later added by

---

[2] The reporter's transcript of the sentencing proceedings has also not been provided to this court by either petitioner or respondent.

2

1  way of amendment.  (Id.)  Petitioner contends that "the four prior prison convictions . . . must be
2  reversed, set aside, and barred from further prosecution."  (Id. at 27.)  Petitioner raised this claim
3  in habeas corpus petitions filed in the Sacramento County Superior Court, California Court of
4  Appeals, and California Supreme Court and has therefore exhausted the claim.  (Resp't's Lod.
5  Docs. 5, 6, 8, 9.)  Respondent, however, has not specifically addressed this claim of petitioner's
6  in the answer filed with this court.

7          Generally a Faretta waiver remains in effect throughout the criminal proceedings,
8  unless the circumstances change in a significant way or the waiver was limited.  United States v.
9  Hantzis, No. 05-50507, 2010 WL 4345172, at *4- 5 (9th Cir. Nov. 4, 2010)[3]; United States v.
10 Springer, 51 F.3d 861, 864-65 (9th Cir. 1995); Arnold v. United States, 414 F.2d 1056, 1059 (9th
11 Cir. 1969); White v. United States, 354 F.2d 22, 23 (9th Cir. 1965); United States v. Fazzini, 871
12 F.2d 635, 643 (7th Cir. 1989).  "The essential inquiry is whether circumstances have sufficiently
13 changed since the date of the Faretta inquiry that the defendant can no longer be considered to
14 have knowingly and intelligently waived the right to counsel."  Hantzis, 2010 WL 4345172, at
15 *5.  A trial court's failure to secure a valid Faretta waiver, which includes an accurate advisement
16 as to maximum penalties, constitutes per se prejudicial error.  United States v. Erskine, 355 F.3d
17 1161, 1167, 1170 n.12 (9th Cir. 2004) (waiver of right to counsel not valid where defendant was
18 not aware of the maximum penalty he faced).  See also United States v. Forrester, 512 F.3d 500,
19 506, 508 (9th Cir. 2008) (quoting Erskine, 355 F.3d at 1167) (waiver of right to counsel was not
20 knowing and voluntary where trial court did not advise defendant he faced a conspiracy count
21 and erroneously told him his possible penalty was ten years to life in prison, whereas he actually
22 faced zero to twenty years in prison); Spence v. Runnels, No. CIVS030376GEB KJM P, 2006
23 WL 224442, at *12-13  (E.D. Cal. Jan. 27, 2006) (granting federal habeas relief where
24 petitioner's waiver of right to counsel vitiated by later amendment of information adding prior

---

[3] Citation of this unpublished disposition by the Ninth Circuit Court of Appeals is appropriate pursuant to Fed. R. App. P. 32.1 and U.S. Ct. of App. 9th Cir. Rule 36-3(b).

3

conviction and Three Strikes allegations which greatly increased his maximum exposure).

In light of these authorities, respondent will be ordered to respond to petitioner's claim that his federal constitutional rights were violated by the trial court's failure to obtain a renewal of his waiver of counsel when the charging information was amended to add enhancement allegations that increased the maximum possible sentence petitioner could receive. In its response, respondent may wish to address whether petitioner was accurately advised of his maximum possible sentence, in light of the fact that the record establishes that petitioner was told he faced a sentence of eleven years in state prison, or thirteen years and four months, but in fact was sentenced to fifteen years in state prison. In addition, respondent will be ordered to lodge with this court the transcripts of both petitioner's sentencing proceedings and the hearing on the motion to amend the information.

Accordingly, IT IS ORDERED that:

1. Within thirty days from the date of this order, respondent shall file a response to petitioner's claim that his federal constitutional rights were violated by the failure of the trial court to obtain a renewal of his waiver of counsel when the charging information was amended to add enhancement allegations that increased the maximum sentence petitioner could receive; and

2. Within thirty days from the date of this order, respondent shall lodge the transcript of both petitioner's sentencing proceeding and the hearing on the motion to amend the information.

DATED: December 1, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
jensen512.o