IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH HUGH JENSEN,

    Petitioner,                    No. CIV S-09-0512 DAD P

    vs.

ROBERT J. HERNANDEZ,

    Respondent.                ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order dated March 30, 2012, this court conditionally granted petitioner's application for habeas relief with respect to his claims of <u>Faretta</u> error and ineffective assistance of appellate counsel, and denied that application in all other respects. On April 27, 2012, petitioner filed a timely notice of appeal of the March 30, 2012 order. However, also on April 27, 2012, petitioner filed with this court a document styled "objections to the conclusion and order of United States Magistrate Judge and Request for Certificate of Appealability." (Doc. No. 51.) Therein, petitioner also requests reconsideration by this court of its March 30, 2012 order. (Doc. No. 51 at 8.) The court will construe this document filed by petitioner as a motion for reconsideration or to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

1

1           On April 23, 2012, respondent filed a request for clarification of the March 30, 2012 order. The arguments of both parties in their respective motions concern this court's conditional grant of the writ with respect to petitioner's claims of <u>Faretta</u> error and ineffective assistance of appellate counsel.[1]

           After a review of the record and the motions of the parties, and good cause appearing therefor, IT IS ORDERED that:

           1. Within fourteen days from the date of this order, both parties shall file a brief no longer than five pages in length addressing the effect of the recent decision of the Ninth Circuit Court of Appeals in <u>Becker v. Martel</u>, No. 11-55749, 2012 WL 1498105 (9th Cir. Apr. 30, 2012)[2], on the court's March 30, 2012 order.

           2. After the court receives the parties' briefs, it will rule on petitioner's April 27, 2012 motion for reconsideration or to alter or amend the judgment and respondent's April 23, 2012 request for clarification.

           3. The Clerk of Court is directed to send petitioner a copy of the unpublished <u>Becker</u> decision with his copy of this order.

DATED: May 9, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
jensen512.fb

---

[1] Petitioner's notice of appeal will not become effective until the court disposes of his April 27, 2012 motion for reconsideration. Fed. R. App. P. 4(a)(4)(B)(i). <u>See</u> <u>United Nat. Ins. Co. v. R&D Latex Corp.</u>, 242 F.3d 1102 (9th Cir. 2001) (notice of appeal does not become effective, and district court does not lose jurisdiction over matters placed before appellate court by notice of appeal, until the district court rules on timely motion for reconsideration); <u>Greenliant Systems, Inc. v. Xicor LLC</u>, No. C-11-0631 EMC, 2011 WL 3273496, at *2 n.2 (N.D. Cal. Aug. 1, 2011) (notice of appeal did not divest district court of jurisdiction to consider motion for relief under Fed. R. Civ. P. 60 because motion was filed within 28 days of final judgment and was pending when notice of appeal was filed). Here, petitioner's April 27, 2012 motion for reconsideration or to alter or amend the judgment is timely because it was filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e).

[2] Ninth Circuit Rule 36-3 governs the citation to and use of such unpublished dispositions and orders.