1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEITH HUGH JENSEN,

11             Petitioner,          No. 2:09-cv-0512 DAD P

12        vs.

13   ROBERT J. HERNANDEZ,

14             Respondent.          <u>ORDER</u>

15   _____/

16        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  By order dated March 30, 2012, this court conditionally

18   granted petitioner's application for federal habeas relief with respect to his claims of <u>Faretta</u> error

19   and ineffective assistance of appellate counsel, and denied that application in all other respects.

20   The court ordered that petitioner's judgment of conviction be vacated, if respondent failed to

21   either: (1) dismiss the enhancement allegations which were added by amendment after petitioner

22   received a proper <u>Faretta</u> advisement and re-sentence petitioner accordingly; or (2) initiated

23   proceedings to retry petitioner within ninety days.  Judgment was entered accordingly on that

24   same day.

25        On April 23, 2012, respondent filed a request for clarification of the March 30,

26   2012 order.  Therein, respondent "requests clarification that any retrial should address only the

                                        1

1   four prior prison term allegations . . . and not any of the substantive counts." (Request for

2   Clarification, at 1-2.)  The "clarification" respondent seeks is inconsistent with this court's order

3   granting habeas relief.  The court's March 30, 2012 order allows the state to choose between two

4   permissible methods of remedying the Sixth Amendment violation that occurred in this case.  To

5   that end, respondent may either dismiss the enhancement allegations with petitioner being re-

6   sentenced on the counts of conviction absent those enhancements, or may initiate retrial

7   proceedings on all substantive counts and enhancement allegations against petitioner.

8           On April 27, 2012, petitioner filed a timely notice of appeal and a document

9   styled "Objections to the conclusion and order of United States Magistrate Judge and Request for

10  Certificate of Appealability."  The court has previously construed the latter document as a motion

11  for reconsideration or to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(d).  (See

12  Doc. No. 52.)  Therein, petitioner requests that this court reconsider the "conditional" nature of

13  the writ that the court has granted.  Specifically, petitioner asks that instead of allowing

14  respondent to dismiss the enhancement allegations and re-sentence him on the remaining

15  substantive counts of conviction, the court order "a full and complete reversal of petitioner's

16  convictions and sentence."  (April 27, 2012 motion (Doc. No. 51), at 1-2.)  The court has already

17  responded to this argument, which was raised by petitioner in his habeas petition.  In this regard,

18  the court's March 30, 2012 order, stated as follows:

19          The court rejects petitioner's apparent contention that he is entitled
            to a "full reversal."  There was no error, constitutional or
20          otherwise, in the prosecution's amendment adding the four prior
            prison term enhancement allegations.  The only constitutional error
21          was in failing to conduct another Faretta inquiry after those
            enhancement allegations were added and the maximum possible
22          penalty petitioner faced had changed significantly.  The state court
            will have the opportunity to correct its own constitutional error in
23          either way it chooses.

24  (March 30, 2012 order (Doc. No. 45) at 31, n.16.)  As explained above, the court's March 30,

25  2012 order conditionally granting federal habeas relief properly provides the state the opportunity

26  to correct the Sixth Amendment violation that occurred in this case.

                                            2

1    "District courts enjoy 'broad' discretion in fashioning remedies for habeas relief."

2    Johnson v. Uribe, ___F.3d___, 2012 WL 2362535, at *5 (9th Cir. June 22, 2012) (citing Hilton

3    v. Braunskill, 481 U.S. 770, 775 (1987)).  See also 28 U.S.C. § 2243 (Authorizing the federal

4    courts to dispose of habeas corpus matters "as law and justice require.")  "Conceptually, any

5    habeas remedy 'should put the defendant back in the position he would have been in if the Sixth

6    Amendment violation never occurred.'"  Nunes v. Mueller, 350 F.3d 1045, 1057 (2003) (quoting

7    United States v. Blaylock, 20 F.3d 1458,  1468 (9th Cir. 1994)).  See also Johnson, 2012 WL

8    2362535, at *5; Chioino v. Kernan, 581 F.3d 1182, 1184 (9th Cir. 2009).  Finally, however, "[a]n

9    adequate Sixth Amendment remedy 'must "neutralize" the taint" of a constitutional violation,

10   while at the same time not grant a windfall to the defendant or needlessly squander the

11   considerable resources the State properly invested in the criminal prosecution.'"  Johnson, 2012

12   WL 2362535, at *5 (quoting Lafler v. Cooper, ___U.S.___, ___, 132 S. Ct. 1376, 1388 (2012).

13          This is precisely what this court's March 30, 2012 order conditionally granting

14   federal habeas relief in this case has done.  Petitioner's waiver of his constitutional right to

15   assistance of counsel was valid at the time it was initially entered because he was properly

16   advised of all relevant factors, including the correct maximum possible penalty he faced at the

17   time of the waiver.  (March 30, 2012 order (Doc. No. 45), at 26.)  Petitioner's waiver only

18   became invalid later, when the prosecutor amended the charging Information to add enhancement

19   allegations that carried a significant additional penalty, and petitioner was not given the

20   opportunity to request the assistance of counsel in light of the changed nature of the proceedings

21   against him.  The court's March 30, 2012 order allows respondent and the State, if they so

22   choose, to eliminate the changed circumstances that required a new Faretta advisement be given

23   to petitioner, with the correct advisement of the maximum possible penalty he faced and a re-

24   entry by petitioner after that advisement of a waiver of his constitutional right to the assistance

25   /////

26   /////

3

of counsel.[1]  This can be accomplished by the striking of the enhancement allegations that were added after entry of the valid waiver and the re-sentencing of petitioner by the state court as it sees fit absent those enhancements.  If respondent and the State elect not to do so, then the Faretta waiver entered by petitioner remains invalid and petitioner must be retried or released.

Finally, petitioner's notice of appeal is effective as of the date of this order.  See United Nat. Ins. Co. v. R&D v. Latex Corp., 242 F.3d 1102,  (9th Cir. 2001) (notice of appeal does not become effective, and district court does not lose jurisdiction over matters placed before appellate court by notice of appeal, until the district court rules on timely motion for reconsideration).

Accordingly, IT IS ORDERED that:

1.  Respondent's April 23, 2012 request for clarification (Doc. No. 49) is granted in that the court has clarified its prior order;

2. Petitioner's April 27, 2012 motion for reconsideration or to alter or amend the judgment (Doc. No. 51) is denied; and

3. Petitioner's Notice of Appeal, filed on the same date as his motion for reconsideration, is deemed effective as of the date of this order.

DATED: June 29, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
jensen512.amd

---

[1]  In the March 30, 2012 order, this court quoted from the decision in Becker v. Martel, 789 F. Supp.2d 1235 (S.D. Cal. 2011) in support of the decision granting petitioner federal habeas relief on his Faretta claim here as well as supporting the remedy ordered in this case.  The Becker case was governed by the Antiterrorism and Effective Death Penalty Act (AEDPA).  The decision in Becker was recently reversed by the Ninth Circuit on grounds unrelated to the court's decision in this case which, as pointed out be respondent, is not governed by the AEDPA.  See Becker v. Martel, No. 11-55749, 2012 WL 1498105 (9th Cir. Apr. 30, 2012).  Accordingly, the Ninth Circuit memorandum opinion in Becker has no bearing on the judgment in this case.