IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH HUGH JENSEN,

    Petitioner,                    No. CIV S-09-0512 DAD P

    vs.

ROBERT J. HERNANDEZ,

    Respondent.                 ORDER

_____/

        On April 27, 2012, petitioner, a state prisoner proceeding pro se, filed a timely notice of appeal of this court's March 30, 2012 order which conditionally granted petitioner's application for a writ of habeas corpus with respect to his claims of Faretta error and that his appellate counsel rendered ineffective assistance in failing to raise that Faretta error on appeal. On that same date, and also on July 20, 2012, petitioner filed a request for a certificate of appealability. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Therein, petitioner requests a certificate of appealability with respect to that portion of the court's March 30, 2012 order directing that petitioner's judgment of conviction be vacated only if respondent fails to either dismiss the enhancement allegations which were added by amendment after the Faretta advisement and resentence petitioner, or initiate proceedings to retry petitioner within ninety (90) days. Petitioner disagrees with that remedy, contending that his judgment of conviction should

be overturned unconditionally.

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3). A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).[1]

Petitioner has made a substantial showing of the denial of a constitutional right in the following issue presented in the instant petition: whether the proper remedy for the constitutional violations that occurred in this case is that petitioner's judgment of conviction be vacated only if respondent fails to either dismiss the enhancement allegations which were added by amendment after the Faretta advisement and resentence petitioner, or initiate proceedings to retry petitioner within ninety (90) days.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's April 27, 2012 request for a certificate of appealability is granted;

2. Petitioner's July 20, 2012 motion for a certificate of appealability is granted; and

3. A certificate of appealability is issued in the present action.

DATED: July 31, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
jensen512.coa

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause. Jennings, 290 F.3d at 1010.